and others. Parliamentarians, I'd like to ask you to give 15 minutes for rebuttal, if you would be so kind as to do so before the ad hoc session. Good morning. Good morning. I would request five minutes for rebuttal, please. All right. You may proceed, Counselor. Thank you. May it please the Court, I'm Thomas Gersinsky and I represent the Plaintiff Appellant, Richard Convertino, in this case. The question really boils down to whether the Court properly found a Fifth Amendment privilege for the reporter in this case. The standard of review certainly is abuse of discretion. We maintain that the District Court abused that discretion in finding a Fifth Amendment privilege, in particular when any offense that would have potentially been committed by the reporter took place in 2004, and it was several years later when the Court made the finding of the Fifth Amendment privilege. That was based on the hearing that took place on April 21st of 2009. We are more than six years beyond that hearing at this point, and certainly there is no statute of limitations that would still apply in this case. More importantly, as a starting point, I believe our reply brief addresses the crux of the issue here, and that is that it is the Attorney General who must personally approve of any either prosecution or investigation of a member of the media, and the last motion for reconsideration that had been filed here was based on statements of the recently no longer there Attorney General, Eric Holder, who said it was his policy not to prosecute any members of the media. We are on our fifth United States Attorney General since this publication originally took place in the Detroit Free Press back in 2004. We would maintain that there is absolutely no likelihood, no realistic likelihood, of prosecution of the reporter in this case. There is no longer a remaining Fifth Amendment privilege, and based thereon, the plaintiff here So let me just ask you a threshold question here. It's been raised that we shouldn't even hear your appeal because your client didn't fulfill the responsibility of forwarding the appropriate parts of the record or doing what's necessary to make those available to the court, by which I mean the sealed records that have been sealed by the district court and the sealed transcript. There's a sealed opinion, a sealed affidavit, and there was a transcript, and it does appear that you really didn't do anything to try to make sure that those parts of the record got to the Court of Appeals, and I'm just wondering why we should entertain this appeal, that being the case.  Of course, the experience that I've had with this court, and primarily with the district court, has been the Northern District of Ohio, and the process there has been to maintain the sealed documents as part of the record. They are then designated as part of the record for the Court of Appeals, and the Court of Appeals certainly has access. We, the plaintiff in this case, has never had access to those sealed documents. We included those, we designated those for inclusion as part of the record, but without those actual records, and they do not exist officially on the docket. Judge Cleland's practice is to maintain the sealed documents apparently in chambers or in the clerk's office, so my understanding had been that the clerk's office would have access to those and would make those available to the court here. Well, the clerk's office did not have access to those records. The district judge may not have followed the protocol or procedure for maintaining sealed records. They were not deposited with the clerk of the court, and they were not available, and then you did not do anything to make sure that they were made available or filed no motions or took any other measures to get those to the Court of Appeals, and so we were sort of left to our own devices, and there are a panoply of rules to say that that's not the way this works. We've got Rule 10E of the Federal Rules of Appellate Procedure, 10B, we've got local court rules, Rule 11A of the Federal Rules of Appellate Procedure that the appellant should do what is necessary to forward the record for the appeal, and none of that was done, and we don't like to spend time trying to generate the record ourselves or try to find and construct the record and look for documents which are not just peripheral or ancillary but go to the heart of the appeal, and that's what we were presented with in this case, so why wouldn't we simply just dismiss this appeal? Well, Your Honor, if the record is incomplete and the court cannot make that determination based on the record such as it exists… Well, it's not just whether they're incomplete. You see, even if we have the records or can obtain them, if we start letting parties not furnish the record, then other parties will do that, so we just can't take appeals this way. Well, Your Honor, even without that sealed portion of the record, I think the case speaks for itself here that… You don't know what's in the sealed records according to what you tell us. That's correct. I do not know, but I can also not abide the district court's decision to simply be able to imagine a potential prosecution. We've ticked off the potential charges, and that was the standard that Judge Cleland used. As long as it's within the imagination that someone could be prosecuted, he felt that there could be a Fifth Amendment privilege. I don't know what Mr. Ashenfelter or his counsel provided to the district court, but there is no applicable offense that the Department of Justice has shown any interest in prosecuting in this case in the last 11 years. And at the same time… It's kind of hard for you to challenge the reasoning of an opinion that you're not allowed to see, though. Well, that is true. That is what you're doing here. That is true. However, even with that… We can see it ourselves. With the passage of time, I cannot fathom a prosecution, especially when the Department of Justice… Whether you can fathom it, though, that's not the standard, is it? Well, but I would… If you're a person who thinks people either did commit a crime or thinks people think that he committed a crime and doesn't want to testify with respect to that, that's what the Fifth Amendment protects, right? That is correct, but the Fifth Amendment is limited by the statute of limitations. And there is no offense, even if… The only arguable offense here would be continued possession of a government document, which is belied by Mr. Ashenfelter's declaration, which was submitted to the court and is part of the record. There is… What's that say? He says that with regard to his sources, he was provided orally. The information did not make any reference to any documentation. The only potential, if there were a possession of stolen government property, that would be a continuing offense. We don't need to know whether Mr. Ashenfelter, any time in the last five years, continued to possess that document. The question is who within the Department of Justice leaked this information to him in late 2003 or early 2004. And essentially, Mr. Convertino then is left without a remedy, short of Mr. Ashenfelter revealing who his source was. And I simply wanted to point out that the Inspector General of the Department of Justice conducted their own investigation and was unable to determine who the source of the leak was. Now certainly they could have taken advantage of Title 18 United States Code Section 6001 and immunized Mr. Ashenfelter. They chose not to do so and I think that again speaks very loudly and eloquently as to the position of the Department of Justice in pursuing a prosecution here. And they would be the only prosecution that could take place under these circumstances. And so essentially we would ask the court in this instance to reverse the decision of the district court and to remand with instructions that the court not find the Fifth Amendment privilege under these circumstances. Thank you. Thank you. Thank you. Good morning. Richard Zuckerman and Brian Wassum, Honigman, Miller, Schwartz and Cone, Detroit, on behalf of non-party witness appellee David Ashenfelter. If I might, I'd like to try to put this in some context. Mr. Ashenfelter wrote an article in or about 2004 based upon information given to him by a source or sources within the Department of Justice. Mr. Convertino, displeased with that particular article and the fact that he believed at the time the article and information was leaked, inappropriately sued the Department of Justice in D.C. under the Privacy Act. In connection with the Privacy Act, it's his responsibility not to show that the document came from the Department through some respondeat superior, but he must identify the specific individual. And he thereupon commenced an ancillary proceeding in Detroit seeking the source or sources of the article from Mr. Ashenfelter, the reporter. In connection with that endeavor, Mr. Ashenfelter sought counsel. Counsel believed that there was the possibility of a prosecution of Mr. Ashenfelter under the statutes we cited at the district court and in our briefs to this court, in particular 641 of Title 18, which makes it a continuing offense to obtain, utilize, capitalize upon stolen government property. The record is very clear that the report itself came into the possession of Mr. Ashenfelter. That's even alleged in paragraph 112 of Mr. Convertino's complaint in the District of Columbia. And then there was thereupon substantial proceedings in the district court to try to break the Fifth Amendment assertion. On April 21st, 2009, there was a second deposition of Mr. Ashenfelter conducted in Judge Cleland's chambers for the purpose of Judge Cleland personally supervising the deposition and the continued assertion of the Fifth Amendment by Mr. Ashenfelter. On April 21st, 2009, Judge Cleland orally sustained the Fifth Amendment. And then there was motion practice subsequent. But the point of April 21st, 2009 is that is the point in time on which and at which the court exercised its discretion to uphold the Fifth Amendment. You did that on the basis of some sealed matters though, right? At the time, yes, there was a sealed act. I just want to express a little bit of hesitation. You're defending a decision which was supported in part by matters that are not available to your opposing counsel. That's just true, right? That's a true fact. Which means we're going to have to resolve it arguably based on sealed matters that you've seen but your opposing counsel seems makes it very difficult to ask you any questions about that in your defense of it because I don't know when I'm saying things that are part of what's sealed and what's not. So I guess I'm just having trouble seeing what I'm not making comment on the strength or weakness of either side's argument. I just don't see how I can ask any questions that go to the basis for the decision because they may refer to matters that are sealed. Do you see the frustration that I'm facing? Well, I see the point, but there's substantial analogy in federal criminal practice to the courts of appeals dealing with sealed records which, and I'll give you an example. There's sealed records, but usually they're sealed. The ones I've seen have been sealed and the parties have access to them, but other people don't like the trade secrets and things like that. Well, I can give you an example. Well, I'm sure you can give me an example. I'm just saying I wonder how a oral argument works when you have a decision that's based on sealed matters and you want to say, well, is this enough? But I can't say what this is. I understand. See what I'm saying? I do, except courts of appeal routinely deal with sealed facts unavailable to one of the litigants. You can see that in a Franks hearing where there's a challenge to the bona fides of an affidavit and the district judge interviews a source to determine whether or not the source is real and credible and the information in an affidavit is accurate such that it would defeat a Franks challenge. That goes up on appeal, and courts of appeal routinely look at that sealed record. I'm not saying you can't look at it. I'm saying it's hard to ask you questions in oral argument when the other side is right there. Well, our position has always been, and we argue that... We can do it without oral argument. I mean, we do all kinds of things without oral argument. Well, our position has always been that the record, that the procedures Judge Cleland invoked to obtain additional information, which is the subject of the sealed record, was unnecessary because the public record was more than sufficient at the time to sustain the Fifth. You could argue that, sure. And we did. We argued it below repetitively, and we've argued it in the briefs to the court. I'm not saying we can't rely on what's in the sealed record. I'm just saying it's kind of hard to test orally. Well, I would also observe that the utilization of the sealed record below is unobjected to. There's no objection in the record. I'm not criticizing it either. I'm just saying I wonder what we're doing here is all I know. Mr. Zuckerman, did you get a copy of the sealed document? There are three sealed records. One we submitted, which is a sealed affidavit of Mr. Ashenfelter, and the other two are a sealed transcript of a colloquy in Chambers during the second deposition. Did you get that? We got that, and we also got the sealed opinion, that portion of the opinion that's sealed, for the purposes of seeing if it could be redacted, if either or both could be redacted so something could be made public. We went through that process, and we were unable to redact it to the point that it would be meaningful, and apparently Judge Cleland agreed because nothing became published based on our suggested redactions. But Plano was not given a copy of it. No, no. I'd like to go back and just focus on the abuse of discretion standard in this circuit is fairly insurmountable. That's the agreed-upon standard of review here, and the notion about whether and if and how and maybe the Fifth Amendment expired is measured at the time of the decision that Judge Cleland made in 2009, not today, and not yesterday, and not next week. And at the time, Judge Cleland made that decision to sustain the Fifth Amendment assertion. There was more than enough information in the public record to do so, based upon the arguments that 641 was a continuing offense, and so the possession of the report, the OPR report at issue here, would have meant that no statute had even begun to run as yet. Likewise, the possibility that if, in fact, the report had been destroyed by Mr. Ashenfelter, when was it destroyed? And so if a report was destroyed after it was put under subpoena, or if it was destroyed during the course of these proceedings, then perhaps Mr. Ashenfelter would be subject to obstruction of justice. So it's fairly clear that, A, as of April 21, 2009, no statute of limitations had expired or could have expired, and you don't look at whether or not statutes of limitation expired at the time of oral argument. Does the Court have any other questions for us? As to the sealed record, I understand. As to the sealed record, we did make an issue in our brief about the obligations of an appellant to bring to the Court everything the Court needs to decide a case, particularly where the argument is based on abuse of discretion, which is what he has to convince the Court Judge Cleland did. And it's pretty simple to file a motion in the District Court to convey everything to the Sixth Circuit. I mean, that was the de facto procedure before everything became theoretically easily accessible because everything's been electronified. And nothing was done. The panel only needs to ask itself if it had to go find this. It's a gotcha, isn't it, to say they didn't provide something that they never received? No, that isn't. You can cite rules, but it has a kind of gotcha feel to it. No, that isn't a gotcha because his obligation is to present the information to the Court so the Court can decide whether Judge Cleland has abused his discretion. It's the judgment that's being appealed from, right? I'm sorry? This is the actual opinion that's being appealed from. You're saying that they didn't put it in the record, but you're appealing from it? I'm not appealing anything. I'm saying that they had to get it to you. That's their obligation as an appellant, particularly where they have to meet an abusive discretion standard. What is your argument at this point? Is it that we should dismiss the appeal for failure of your opponent to comply with the court rules by making the entire record available, or is your argument that we should uphold the Fifth Amendment privilege? Well, it's both. I mean, I'll take what I can get, I suppose. Well, if we dismiss it, we won't decide the matter of the privilege. I know, but it becomes law in the case. It's race judicata. If it's not in the district court record, it doesn't apply, does it? It's not operative. I don't see how a judgment that's not in the record operates. You're asking me how the Court would incorporate the sealed record into an opinion? I just find it to be almost a contradiction in terms to say there's an opinion that's appealed from, opinion supporting an order that's appealed from, and the argument is they can't appeal from it because it's not in the record. If it's not in the record, it's not there. It has to be transmitted to the court for the court to consider. But we have access to the district court in a run-of-the-mill case, and for practical purposes, all cases. The way it's transmitted is we have a key to their electronic files. Well, you know, Judge Rogers has a good point there because if apparently what occurred, I'm told may have occurred, let me put it that way, is that the district judge locked the sealed parts of the record up in a location known only to him and accessible only to him, did not follow the protocol for dealing with sealed records that has been established by the district court, which suggests to me that perhaps these sealed items never became a part of even the district court record, at least not properly or in compliance with the local rules and policies. And if that did happen, there may be an issue of whether the sealed parts of the record are even a part of the record of the district court or on appeal. What do you have to say to that? The question is, or the answer I think is this. The items are noted on the docket sheet. The question is whether... That doesn't mean that they were in the record. They were not in the record because the judge had them locked up in a location that only he could get to. They weren't deposited with the clerk of the court as sealed documents, and they were never made a part of the record. Well, I think the answer is this. I don't know if anybody actually knew what you just said. The question is what does the appellant have to... Well, I'm telling you that that's what the facts of the matter are. Okay, but that doesn't help the appellant because the appellant would not have known that, and what the appellant's obligation was was to take procedural steps to put the record before this court, and it's easy to do. You file a motion, and you say to the district court, the following items are sealed. We'd like them transmitted to the Sixth Circuit. That was the routine acceptable practice before everything became theoretically electronically accessible. At that juncture... The routine practice is that he doesn't have to do that because it's done for him, basically. Well, I'm not... Because it's in the record, and so the record is there. They don't physically go up the way they used to 20 years ago. I think that's what I'm talking about. Right. That long ago. How long ago was ago? Maybe it was five years ago. It used to be the papers actually went. Yes, and I... But they don't now. Instead, they're still there, and we can get to them. But he has an obligation to do something so that you don't have to go look for it, and he has an obligation to make the record complete. All right. I mean, I don't... Okay. Well, I mean, on the Fifth Amendment substance, I think it's very clear that Judge Cleland did not abuse his discretion, and I think you can find that on the public record. The public record was more than sufficient. I think Judge Cleland was being overly cautious, requiring us to do a considerable amount of more fact, a considerable amount of work to establish facts which went beyond what he was required to do, and I think you can affirm on that basis. All right. Thank you. Thank you very much. Any rebuttal? Very briefly, Your Honor. If I may. Your counsel raised Franks v. Delaware as the standard when the government has a sealed record. The difference in a Franks case is that the government is bringing the prosecution in that case. The government, the Department of Justice, certainly is a party to this litigation, but they are the defendant in this case. We don't have the constitutional protections that would apply to a defendant in a criminal prosecution that the Bill of Rights was designed to address, and therefore, to say what the court would do in a Franks... Let me ask you a question that kind of puzzled me. You consented to this ex-party hearing. Yes. And I was wondering why you didn't want a record of that to perhaps challenge what went on in that ex-party hearing. For example, the judge came to a conclusion. What did he hear, see, or whatever to bring him to that conclusion would seem to me to be something that you would want to take up with him, and I was puzzled why you didn't. Well, Your Honor, unfortunately, I am not the trial counsel in the case. I was the appellate counsel, so I cannot speak to their motivation at that point, but I do understand that the transcript had been made, and as I stated earlier, our understanding was that transcript would be available to this court. Well, again, whether it should or shouldn't with us, I was concerned why you weren't thinking about making your own record so we would have at least the benefit of the argument or they would have the benefit of coming forth and saying, let me add this to our argument or something. I was just curious. Well, and as the court has noted, we were hamstrung by not knowing what the contents of that was. That's my point. So beyond that, I really have no answer for the court. I'm assuming you were assuming that the judge flat out wouldn't have allowed that. That's based on the limited experience that I had. Why would he have a hearing where you weren't present if he was going to give you a transcript of the hearing? Exactly. If we had access to the transcript, we would not be before the court today. We would know who the person in the Department of Justice was. How do you know that? You don't know what happened there. It is an assumption on our part, but based on the court's finding of a Fifth Amendment privilege, it would have to be related to the source of the limitation. I'm puzzled by why your answer to Judge Sir Heinrich wasn't, the judge made it clear that we were not going to have access to this. Is that not the case? If it wasn't clear that you wouldn't have access to it, he would have let you be there. I don't understand. What am I missing there? I'm missing something. Yes, I was not present on April 21, 2009, but my understanding is, as the court has noted, that Judge Cleland would have made it very difficult for us. The other point that I'd like to make. But if he had, then you'd have an appeal saying we didn't have any due process to discuss this with the court, albeit we let him have the ex parte, but now we don't know what happened, and he ruled against us on that. So judges, meaning us, give us a right to hear it, which kind of ain't that, haven't you? I cannot dispute that the waiver issue does appear to be there. However, with regard to April 21, 2009, that was five years after the article had been published. If a 641 offense had taken place in late 2003 or January of 2004, the statute of limitations had run, the five-year statute of limitations had run, by the time Judge Cleland made his finding in April of 2009. Regardless of whether it would be a continuing offense to possess that document, the issue before the court was who within the Department of Justice provided that information to Mr. Ashenfelter upon which he published the article. That statute of limitations had run, and for that reason we would submit Judge Cleland abused his discretion then, as well as in denying the motion for reconsideration. Thank you. Thank you, and the case is submitted.